UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRELL WILSON,

    Petitioner,

    v.     CAUSE NO.: 3:18-CV-576-PPS-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Darrell Wilson, a prisoner without a lawyer, filed a habeas corpus petition challenging a hearing officer's finding that he was guilty of Destruction of State Property in violation of Indiana Department of Correction offense B-215. (ECF 1 at 1; ECF 5-7.) Wilson was sanctioned with a loss of 30 days earned credit time. (*Id.*)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there only needs to be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Wilson's charge stems from an allegation that he possessed a mattress with a cut out to conceal a cell phone. He states three separate grounds in his petition. He argues that the mattress he was charged with altering was already in the cell prior to him being assigned to the cell, that it is still being used in its altered state by another offender now, and that he never moved the mattress. While stated as three grounds, each ground is in substance a challenge to the sufficiency of the evidence.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). Review under the "some evidence" standard is a light one. Indeed, the standard has been described as a "lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice . . ." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Wilson as follows:

> On 04/05/2018 at approx. 10:25 p.m., I, Ofc. J. Cook was shaking down Offender Wilson, D.O.C. #985299, DCH 431 West; along with Ofc. J. Christian when I, Ofc. J. Cook, found a mattress that had a spot cut out for a cell phone on Offender Wilson's bed. I, Ofc. J. Cook, also found 2 homemade rolling papers, an ash tray, and a lighter in Offender Wilson's cabinet. Pictures were taken and forwarded to I&I. Also the rolling papers, ash tray, and

2

> lighter were forwarded to I&I. A confiscation report was also given to Offender Wilson.

(ECF 5-1.) Officer Christian also provided a statement indicating that he was with Officer Cook on 431 West when Officer Cook found rolling papers, an ash tray, and an extra mattress in Wilson's cell. (ECF 5-2.) Wilson was subsequently charged with violating IDOC B-215, which prohibits "[u]nauthorized possession, destruction, alteration, damage to, or theft of property." (ECF 5-12 at 5.) Wilson did not ask to call any witnesses at his hearing.

The hearing officer had some evidence to find Wilson guilty of this offense. Both the Conduct Report and Officer Christian's statement contained sufficient information to find Wilson guilty. It was not arbitrary for the hearing officer to conclude that Wilson destroyed property when he was utilizing a mattress in his cell with a hole cut into it to conceal contraband. Both the altered mattress and contraband (rolling papers, lighter etc.) were found in his cell. It was reasonable to assume that the mattress was altered to conceal the contraband. I concede that the evidence is not overwhelming, but it doesn't need to be. There only needs to be "some evidence" that he destroyed State property, and there is circumstantial evidence that he did. While Wilson denies that he destroyed the mattress, the hearing officer was not required to credit his version of events. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Perhaps as Wilson says, the hole was cut in the mattress before he got it, but due process in this context "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 at 457. Therefore, I

conclude that the finding that Wilson was guilty was neither arbitrary nor unreasonable and was supported by sufficient evidence.

Wilson also argues that he should be granted habeas relief based on evidence obtained after the hearing took place. A month after the hearing, Wilson obtained a statement from W. Liddell indicating that he was the range tender on 400 West in February of 2018 and that, prior to Wilson being assigned to the cell, he saw a sponge mat laying in cell 431 West several times, he asked about the mat, and he was told to leave it there. (ECF 1-1.) Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). While Wilson has a limited right to call witnesses and present documentary evidence consistent with correctional goals and safety, he must request such evidence. *Sweeney v. Parke* , 113 F.3d 716, 719-20 (7th Cir. 1997) (where prisoner had opportunity to request witnesses when he was notified of the disciplinary hearing and chose not to, prisoner's limited right to call witnesses was fulfilled and his due process rights were not violated), *overruled on other grounds by White v. Ind. Parole Bd*, 266 F.3d 759, 765-66 (7th Cir. 2001). Wilson could have requested that Liddell testify at his hearing or provide a written statement prior to the hearing. He did not. Furthermore, Liddell's statement is not exculpatory. It establishes only that the mattress was in the cell – not that it was already in an altered state. (ECF 1-1.) Therefore, it does not sufficiently undermine the reliability of the evidence that supports the finding that

Wilson was guilty of the charge. Thus, the new statement from Liddell does not provide a basis for granting habeas relief.

In June of 2018, Wilson obtained a statement from Sgt. Radats indicating that he saw what appeared to be the same altered mattress taken out of Wilson's cell in another offender's cell. (ECF 1-1.) While it is unclear when Sgt. Radats saw the mattress, or whether this is information that was available to Wilson prior to his hearing, what is clear is that it too is not exculpatory. The failure to remove this mattress from circulation after it was found to be in an altered state does not directly undermine the evidence supporting the finding that Wilson is guilty. In other words, even if the altered mattress is still being used, it does not directly demonstrate that Wilson did not alter the mattress. Accordingly, neither W. Liddell's statement nor Sgt. Radat's statement provide a basis for granting habeas relief to Wilson.

If Wilson wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Darrell Wilson's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED on August 16, 2019.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT